ANDREW FLOBERG v. FAY S. JOSLIN.

December 21, 1898.

Nos. 11,337—(116).

**Defective Return on Appeal—Presumption.**

Where a return on appeal from a judgment of dismissal fails to show what became of a motion made by defendant to strike out a reply as sham, it cannot be assumed that the motion was granted. If, in fact, the reply was stricken out, it was defendant's duty to cause the return to be amended in conformity with the fact.

**Complaint Good—Judgment of Dismissal Erroneous.**

*Held*, that the complaint herein contained facts sufficient to constitute a cause of action, and, in the absence of anything in the return from which it appears that the court was right in its conclusion, although giving a wrong reason therefor, that a judgment against the plaintiff of dismissal on the ground that said complaint failed to state facts sufficient to constitute a cause of action was erroneous.

**Same—Amendment of Judgment after Appeal.**

An amendment of such a judgment so as to make it one of dismissal only, made by the court below after an appeal has been taken and a return filed in this court, cannot affect plaintiff's rights on appeal.

Appeal by plaintiff from a judgment of the district court for Clay county, entered pursuant to an order for judgment on the pleadings, Baxter, J. The facts are stated in the opinion. Reversed.

*F. H. Peterson*, for appellant.

*C. E. Joslin*, for respondent.

The court will not review an order or decision on a partial presentation or disclosure of the case upon which such order or decision was made. Dow v. Northern Land & L. Co., 51 Minn. 326;

Firth v. Brack, 64 Minn. 242. A correct decision will not be reversed on appeal because a wrong reason is given therefor. Bunday v. Dunbar, 5 Minn. 362 (444); Zimmerman v. Lamb, 7 Minn. 336 (421); Wieland v. Shillock, 23 Minn. 227; Morrow v. St. Paul City Ry. Co., 65 Minn. 382; Brazil v. Moran, 8 Minn. 205 (236).

COLLINS, J.

Appeal by plaintiff from a judgment of dismissal on the ground, as stated therein, that the complaint failed to contain facts sufficient to constitute a cause of action.

After much labor with a very confusing record, we find the facts to be that in the complaint it was alleged that for several years prior to 1892 plaintiff was the owner of, and was then occupying, a farm of the value of $6,400, on which were mortgages given to secure an indebtedness of $3,664, defendant being one of the mortgagees; that in December of that year these parties entered into an agreement under which defendant obtained from plaintiff another mortgage upon the farm to secure the payment of plaintiff's note, due in five years, for the total amount of plaintiff's aforesaid indebtedness, and also obtained an assignment to herself of a lease of the farm for the term of five years, which plaintiff had just then entered into with a tenant to whom he had surrendered possession, in consideration of which, according to the complaint, defendant promised plaintiff to take and hold the farm in trust for five years, and to protect plaintiff as against all of the mortgage indebtedness first mentioned; to apply the rents, profits and proceeds of said farm during that period on account of said indebtedness; and to give to plaintiff the benefit of all discounts and deductions which might be obtained when settling up plaintiff's indebtedness.

The complaint then alleged a fraudulent violation of this agreement by defendant, by her refusal to account to plaintiff in any manner for the rents, profits and proceeds of the farm for any part of the five-year term, and also that in fraud of plaintiff's rights she obtained assignments of two of the mortgages against which she was to protect plaintiff, and then fraudulently foreclosed them, and, after purchasing the premises at the sales in her own name, unlawfully took possession of the farm, and has ever since asserted

absolute ownership of the same. The relief demanded was an accounting, the setting aside of the foreclosures and the fixing of a time within which plaintiff might redeem.

To this complaint defendant answered, admitting plaintiff's indebtedness as stated, but denying the agreement in every particular. As a second defense the answer set forth a former adjudication of all matters alleged in the complaint, and a judgment of dismissal, in an action between these parties, entered and docketed in October, 1897, in defendant's favor, as more clearly and fully appeared in a copy of the judgment roll in said action, attached to and made a part of the answer. This copy was a complete exemplification of all proceedings in an action in which this same subject-matter was in controversy.

This was the condition of the pleadings when plaintiff's counsel noticed the case for trial at the November, 1897, term of the court, and when, at the same time, counsel for defendant gave notice that he should move for judgment on the pleadings at the opening of the term. The former at once served a reply, a denial of each and every allegation of new matter contained in the answer, whereupon the latter gave notice of a motion to strike out the reply as sham. The record before us fails to disclose the fate of this motion to strike out, but at the term at which both motions were to be heard the court made its written order, in which, after reciting that defendant's motion for judgment on the pleadings was duly argued, it directed that the action be dismissed on the ground that a cause of action was not stated in the complaint. The judgment appealed from was entered on this order December 22, 1897, and the appeal was taken in June, 1898.

With this record, the judgment must be reversed.

The complaint stated a good cause of action, and defendant's counsel has not, in brief or on the argument, claimed that it did not. And, with a record before us from which nothing appears to the contrary, we must assume that the reply remained a pleading in the cause when the order was made and the judgment entered. So, with a complaint stating a good cause of action, an answer putting in issue the allegations of the complaint, and also setting up new matter in bar, and a reply in which this new matter is controverted

without qualification, there is no ground upon which the order for judgment, or the judgment itself, can be sustained.

At the argument, defendant's counsel insisted that the return was defective and incomplete. It was sufficient for his opponent's purpose, in that error of the court below was made to appear. If a true and complete return would have shown that there was no error in the order directing judgment, although a wrong reason therefor might have been given, it was the duty of defendant's counsel to procure an amendment,—a thing he failed to do. From a supplemental return procured by him it is shown that about three months after plaintiff's appeal he moved the court below for, and obtained, an order directing that the judgment be amended by striking out all reference to the complaint, and this was done, so that after December 22, 1897, the judgment was simply one of dismissal.

At the argument, counsel urged quite zealously that we should now consider the judgment as amended. This cannot be done. Plaintiff's counsel appealed from the judgment, a return was made, and thereafter the court below could not amend the original judgment so as to affect plaintiff's rights on appeal. But if this could have been done, or if the judgment had originally omitted all reference to the insufficiency of the complaint, a judgment of dismissal could not have been upheld, with the pleadings in the condition they were when the trial court made its order.

Judgment reversed.