ANDREW FLOBERG v. FAY S. JOSLIN.

May 14, 1900.

Nos. 12,024—(129).

**Findings Sustained by Evidence.**
*Held,* that the evidence sustains the findings of fact of the trial court.

Action in the district court for Clay county for an accounting and for a reconveyance of certain land. The case was tried before Baxter, J., who found in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*F. H. Peterson,* for appellant.

*C. E. Joslin* and *M. L. Countryman,* for respondent.

START, C. J.

This was an action to obtain an accounting as to the amount due by the plaintiff to the defendant by reason of certain mortgages upon the real estate described in the complaint, and a decree di-

recting the defendant to convey the mortgaged premises to the plaintiff on payment of the amount found due on such accounting. The facts alleged in the complaint are summarized in the opinion of this court in disposing of a former appeal in this case, and they need not be here repeated. See Floberg v. Joslin, 75 Minn. 75, 77 N. W. 557. The answer put in issue the material allegations of the complaint upon which the plaintiff based his claim to an accounting and a right to redeem the real estate from the mortgage liens, and contained allegations of new matter which, if true, established the inequity of plaintiff's claim. The findings of fact by the trial court were general, and to the effect that all of the allegations of the complaint not admitted by the answer were not sustained by the evidence, and that all of the allegations of new matter in the answer were in all respects true, and ordered judgment for the defendant. The plaintiff appealed from an order denying his motion for a new trial.

The only question for our decision is the general one whether the findings of fact are sustained by the evidence. The parties agree that in December, 1892, the plaintiff was the owner of 320 acres of land, subject to seven mortgages thereon, one of which was for $908.35 to the defendant; that the plaintiff then gave to the defendant a new mortgage on the land for $3,664 to secure the debt due to the defendant and money advanced and to be advanced to take up and discharge certain of the other mortgages then on the land; and that the plaintiff also assigned a lease of the land for the term of five years to the defendant as further security. They disagree radically as to other matters. The plaintiff alleged in his complaint, and such was his contention on the trial, that the defendant agreed to take and hold the land, by virtue of the lease, in trust for the plaintiff, for five years, and to protect the land, —that is the plaintiff's title thereto,—in the meantime, from all of the incumbrances thereon; that the defendant, in violation of the trust, purchased certain of the mortgages in her own name, which she foreclosed, and now claims to hold the absolute title by virtue thereof. This was denied by the defendant, but she admitted that she agreed conditionally to take up three of the mortgages on the

land, and claimed that the plaintiff never performed the conditions.

It is apparent that one of the controlling questions in the case was whether the defendant did agree to take and hold the land in trust, and protect plaintiff's legal title from loss by reason of the incumbrances thereon. The evidence on this and other questions is voluminous, and somewhat complicated, and it will serve no practical purpose to here analyze it. We have attentively considered it, and reached the conclusion that, while the trial court might have found for the plaintiff on the controlling questions of the case, yet upon the whole record we are satisfied that substantial justice has been done, and that the findings are fairly sustained by the evidence. The plaintiff's application to amend his complaint was properly denied. The complaint stated a cause of action, and the proposed amendment added nothing of substance to it.

Order affirmed.